**Cheryl Brigitte ZAMBARRANO–RUTLEDGE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74228.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 1, 2010.

Lea Greenberger, Attorney at Law, Encino, CA, for Petitioner.

Nehal Kamani, OIL, Christopher McGreal, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

242

## MEMORANDUM **

Cheryl Brigitte Zambarrano–Rutledge, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's finding of removability, *Nakamoto v. Ashcroft*, 363 F.3d 874, 881 (9th Cir.2004), and de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005). We deny the petition for review.

Substantial evidence supports the agency's finding that the government met its burden of proving that Zambarrano–Rutledge was removable for obtaining permanent residence in the United States through a fraudulent marriage where she voluntarily admitted to the Customs and Border Patrol officer that she had married a United States citizen solely to obtain lawful residence in the United States. *See Nakamoto*, 363 F.3d at 882; *see also Barragan–Lopez v. Mukasey*, 508 F.3d 899, 905 (9th Cir.2007). Zambarrano–Rutledge's due process claim therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a petitioner to prevail on a due process claim).

Zambarrano–Rutledge's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).